UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF SOUTH DAKOTA; JAYSEN HILL,<br><br>Plaintiffs,<br><br>v.<br><br>MONAE JOHNSON, Secretary of State of the State of South Dakota, in official capacity; SCOTT D. MCGREGOR, Member of the State Board of Elections of South Dakota, in official capacity; LINDLEY HOWARD, Member of the State Board of Elections of South Dakota, in official capacity; KENT ALBERTY, Member of the State Board of Elections of South Dakota, in official capacity; JAMALIA FRANZEN, Member of the State Board of Elections of South Dakota, in official capacity; KRISTIN MATSUDA, Member of the State Board of Elections of South Dakota, in official capacity; AUSTIN HOFFMAN, Member of the State Board of Elections of South Dakota, in official capacity,<br><br>Defendants. | : : : : : : : : : : : | 4:26-CV-04162-ECS<br><br>**DEFENDANTS' POSITION STATEMENT** |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

For the Court's benefit, the Secretary of State and the members of the Board of Elections offer this brief position statement in advance of this afternoon's hearing. In short, the plaintiffs' request for a preliminary injunction is moot. The Secretary has issued new guidance to county auditors and other local election officials, which provides those officials with new notice-letter templates, advises the officials to send the letter tailored to the correct basis for denial under SDCL § 12-4-1.3, and further advises the officials to send new notices to registrants who may have received a notice with a mismatched description and who have not fixed the issue.

"A case becomes moot and the court loses its jurisdiction when such a dispute ceases to exist, as when plaintiffs no longer have a personal stake in the outcome." *Twin Cities Safety, LLC v. Moe*, 139 F.4th 1015, 1019 (8th Cir. 2025) (internal quotation omitted). As relevant here, a plaintiff's request for preliminary injunctive relief becomes moot if the relief demanded in the motion "has already occurred" or if the Court otherwise can "no longer grant effective preliminary injunctive relief." *See, e.g.*, *Buckmaster v. Lamb*, No. 26-04092, 2026 WL 2665591, at *2 (D.S.D. Sept. 10, 2026); *Heral v. S.D. Dep't of Soc. Servs.*, No. 25-014186, 2025 WL 3494948, at *3 (D.S.D. Dec. 5, 2025); *Forbes v. Ark. Educ. Television Cmmc'n Network Found.*, 982 F.2d 289, 289 (8th Cir. 1992); *see also Brazil v. Ark. Dep't of Human Servs.*, 892 F.3d 957, 960 (8th Cir. 2018) ("[A] plaintiff seeking injunctive relief to guard against future unlawful conduct must be under a real and immediate threat of injury.") (internal quotation omitted). In their motion, the plaintiffs requested relief (i) enjoining the Secretary and the Board "from registering individuals as federal-only voters on the basis of a lack of documentary proof of citizenship" without affording adequate notice and an opportunity to cure and (ii) compelling the Secretary "to issue guidance to South Dakota's county auditors instructing them to provide all voters with adequate and meaningful notice and an opportunity to cure." (Doc. 10, at 1-2.)

Consider each request in turn. ***First***, as the defendants have explained, neither the Secretary nor the Board "register[s]" voters or sends out letters notifying voters of their statuses. In South Dakota, those tasks are instead left to county auditors. *See* SDCL § 12-4-2 ("Voter registration must be conducted by each county auditor and municipal finance officer."); *id.* § 12-4-1.3(2) (tasking the auditor with "designat[ing]" individuals as federal-only voters); *id.* § 12-4-5.3 (giving the auditor the power to "review [a registration] application for eligibility and completeness" and to notify the applicant if his or her application is not accepted). An injunction



4916-5576-8784, v. 2

that prevented either defendant from registering voters would thus be a nullity. At last Friday's hearing, however, it became apparent that what the plaintiffs were after was injunctive relief that compelled the Secretary to supply the auditors with the *tools* to afford federal-only voters with an explanation of their status. The Secretary has now done so. She has supplied the auditors with a pair of new notice letters—one tailored to the failure to provide an appropriate residential address, (Doc. 40-1); *see* SDCL § 12-4-1.3(1), and one tailored to the failure to provide adequate documentary proof of citizenship. (Doc. 40-2.) *See* SDCL § 12-4-1.3(2); *id.* § 12-4-1.4.

There is little question that the revised notices, if used by the auditors, would be "reasonably calculated" to provide the recipients with notice of what they did wrong and how to fix it. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The new proof-of-citizenship letter, for example, (i) informs the recipient that he "ha[s] not satisfied the requirements to participate in state and local elections" because he has "not provided documentary proof of U.S. citizenship with [her] voter-registration application"; (ii) outlines the contours of the applicable law and identifies the permissible forms of documentary proof that the applicant may provide; (iii) offers instructions concerning how to cure the problem before the state voter-registration deadline, *see* SDCL § 12-4-5; (iv) explains that the recipient is nevertheless registered to participate in federal elections; and (v) instructs the recipient to contact his local auditor with any questions. (Doc. 40-2.) Simply put, the letters inform the registrant "that he was registered as a federal-only voter, why he was so registered, [and] how he can correct his registration status." (*See* Doc. 38, at 4 (Plaintiffs' Reply Brief) (emphasis omitted).)

***Second***, and to much the same end, the plaintiffs sought to compel the Secretary "to issue guidance to South Dakota's county auditors instructing them to provide all voters with adequate and meaningful notice and an opportunity to cure." (Doc. 10, at 1-2.) The Secretary has issued

that guidance. Alongside the new letter templates, the Secretary provided new guidance directed to local election officials, which crystallizes the Secretary's position "that only one letter should be sent to each new federal-only registrant" and that "[t]his letter should be tailored either to the failure to provide a residential address or to the failure to provide documentary proof of citizenship." (Doc. 40-3, at 1.) The guidance explains that local officials should stop sending the residential-address letter to federal-only voters who provided a satisfactory address but were afforded federal-only status for another reason. (*Id.* at 2.) Instead, the guidance explains, the officials should send only the letter that is suited to the particular basis on which the voter was given federal-only status. (*Id.*) Moreover, the guidance asks local election officials to send a corrected notice to all existing federal-only registrants who were sent a potentially misleading letter and have not corrected the issue—and to do so in time for registrants to fix the issue before the October 19 voter-registration deadline for the upcoming November 2026 elections. (*Id.*)

At least at this preliminary stage of proceedings, there is nothing left for the Court to do. The Secretary has provided the relief the plaintiffs requested, to the extent it is within her power to do so. Because the relief the plaintiffs seek "has already occurred," the preliminary-injunction request is moot. *See Buckmaster*, 2026 WL 2665591, at *2; *Heral*, 2025 WL 3494948, at *3.

The plaintiffs cannot avoid this result by pointing to either of the traditional exceptions to mootness: (i) disputes that are capable of repetition yet evading review and (ii) disputes in which the offending actor has voluntarily ceased the challenged conduct. The former exception is "extraordinary and narrow." *McGehee v. Neb. Dep't of Corr. Servs.*, 987 F.3d 785, 788 (8th Cir. 2021) (internal quotation omitted). It applies only if "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" and there is a "reasonable expectation that the same complaining party [will] be subject to the same action again," with the

burden on the plaintiffs to make each showing. *Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021) (internal quotation omitted). A "speculative possibility" of recurrence will not suffice. *In re Operation of Mo. River Sys. Litig.*, 421 F.3d 618, 631-32 (8th Cir. 2005). While the burden of proof flips for the voluntary-cessation exception, there must still be some reason to expect that recurrence of harm is possible. This latter exception applies only in cases in which the defendant is, as a practical matter, "free to reinitiate the challenged conduct" once the issue is mooted. *Iowa Prot. & Advoc. Servs. v. Tanager, Inc.*, 427 F.3d 541, 543-44 (8th Cir. 2005). Applying that rule, the Eighth Circuit "usually dismisses a case as moot" when a "governmental defendant" ceases its behavior. *Hunter v. Page County*, 102 F.4th 853, 865 (8th Cir. 2024).

Neither exception applies here. For present purposes, at issue is only the request for preliminary injunctive relief; the Secretary and the Board have not moved to dismiss the case or any individual claim. An issue does not "evade review" where an overlapping request for permanent injunctive relief is still pending. *See Stevenson v. Blytheville Sch. Dist. No. 5*, 762 F.3d 765, 770 (8th Cir. 2014). And the Secretary has not voluntarily ceased anything; she has affirmatively provided the guidance that was requested by the plaintiffs. At any rate, there is no reasonable prospect of the Secretary retracting the new guidance in the interim. Election season is upon us: Early voting begins in a few days, the voter-registration deadline is roughly a month away, and election day is on November 3. With that in mind, the guidance requests that the auditors send out the new notice letters "in time so that the affected voters can correct the issue before the October 19, 2026, deadline to participate in the upcoming November elections." (Doc. 40-3, at 2.) If the auditors comply with that request, they will have to do so sooner rather than later. As a result, even if the Secretary *wanted* to backtrack, it is unlikely she could do so.

The auditors are in receipt of the new letters, and there is nothing to stop them from using them. Now that the Secretary has provided the information to the auditors, the bell cannot be unrung.

At this stage, there is no preliminary relief the Court could order that would "have any meaning." *Forbes*, 982 F.2d at 289. The Secretary has provided the auditors—who are statutorily responsible for registering and notifying voters—with the tools needed to explain to registrants why they are registered as federal-only voters. And she has provided guidance to the auditors about how to implement those notices ahead of the upcoming November elections. On that basis, the plaintiffs' motion for preliminary injunctive relief should be rejected as moot.

Dated this 15th day of September, 2026.

WOODS, FULLER, SHULTZ & SMITH P.C.

By /s/ James E. Moore

James E. Moore
Drew A. Driesen
PO Box 5027
300 South Phillips Avenue, Suite 300
Sioux Falls, SD 57117-5027
Phone (605) 336-3890
Fax (605) 339-3357
Email james.moore@woodsfuller.com
Email drew.driesen@woodsfuller.com
*Attorneys for Defendants*