UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF SOUTH DAKOTA, JAYSEN HILL,<br><br>Plaintiffs,<br><br>vs.<br><br>MONAE JOHNSON, SECRETARY OF STATE OF THE STATE OF SOUTH DAKOTA, IN OFFICIAL CAPACITY; SCOTT D. MCGREGOR, MEMBER OF THE STATE BOARD OF ELECTIONS OF SOUTH DAKOTA, IN OFFICIAL CAPACITY; LINDLEY HOWARD, MEMBER OF THE STATE BOARD OF ELECTIONS OF SOUTH DAKOTA, IN OFFICIAL CAPACITY; KENT ALBERTY, MEMBER OF THE STATE BOARD OF ELECTIONS OF SOUTH DAKOTA, IN OFFICIAL CAPACITY; JAMALIA FRANZEN, MEMBER OF THE STATE BOARD OF ELECTIONS OF SOUTH DAKOTA, IN OFFICIAL CAPACITY; KRISTIN MATSUDA, MEMBER OF THE STATE BOARD OF ELECTIONS OF SOUTH DAKOTA, IN OFFICIAL CAPACITY; AND AUSTIN HOFFMAN, MEMBER OF THE STATE BOARD OF ELECTIONS OF SOUTH DAKOTA, IN OFFICIAL CAPACITY;<br><br>Defendants. | 4:26-CV-04162-ECS<br><br>ORDER FOR DISCOVERY REPORT AND SCHEDULING INFORMATION |

Pursuant to the terms of Fed. R. Civ. P. 26(f), the parties shall meet to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), to discuss any issues

about preserving discoverable information, and to develop a proposed discovery plan. The parties shall conduct their Rule 26(f) meeting by November 27, 2026. Within fourteen days after the Rule 26(f) meeting, counsel shall jointly prepare and file with the Clerk of Court a written report outlining the plan. The parties shall file a Discovery Report using the Discovery Report Event in CM/ECF to include the following:

**A. <u>Date and Place of the Meeting and Identification of the Parties, their Attorneys, and Insurers</u>**

1. The date and place at which the meeting was held;

2. Name and address of each party, together with the name and address of the attorney or attorneys who represented each party at the meeting;

3. Name of any liability insurance carriers who may have coverage, whether primary or excess, applicable to the claims and amount of liability coverage available;

**B. <u>Description of the Case</u>**

4. A brief non-argumentative narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses;

5. A concise statement of the jurisdictional basis of the case, giving a brief narrative description as well as citing any statute on which jurisdiction is based;

6. A brief statement of the material issues to be resolved;

**C. <u>Pleadings</u>**

7. A statement of whether all pleadings have been filed, and description of any amendments to the pleadings any party proposes to make including the identification of any new parties to be added (if none, so state);

8. The date by which all motions which seek to amend the pleadings or add parties will be filed;

9. Whether jury trial is available under the law, and whether a jury trial has been timely demanded;

**D. Initial Discovery Plan**

10. Date by which all prediscovery disclosures required by Rule 26(a)(1) will be completed;[1]

**E. Discovery Plan[2]**

11. The procedure to be used for disclosure or discovery of electronic information;

12. The number of interrogatories, requests for production, and requests for admissions each party shall be permitted to serve;

13. The maximum number of depositions by each party (excluding expert witness depositions);

14. The limits on the length of depositions, in hours;

15. The date by which all discovery (including expert discovery) shall be completed;

16. A statement of how many, if any, expert witnesses each party anticipates calling at trial, and a brief (one or two words) description of the type of experts anticipated, e.g., medical doctor, economist, accident reconstructionist, accountant;

17. The date by which each party shall disclose the identity of expert witnesses and disclose the reports required under Rule 26(a)(2);

18. Whether the parties anticipate expert depositions;

19. The number of expert depositions each party shall be permitted to take;

20. The frequency with which discovery responses must be supplemented pursuant to Rule 26(e);

**F. Dispositive Motions and Trial**

21. Date by which all dispositive motions shall be filed;

22. Estimated number of days needed for trial including jury selection and instructions;

23. Whether the parties consent to assignment of the case to a United States Magistrate Judge.

---

[1] Discovery is not filed with the Court.

[2] If the parties are unable to agree upon a discovery plan, the report shall separately set forth each party's proposed plan.

G. **Settlement**

The parties should fully explore the possibility of settling this case at the Rule 26(f) meeting. If the case does not settle, the parties shall be fully prepared to advise the Court about the status of settlement discussions. The parties shall advise the Court if and when they desire a settlement conference with a magistrate judge.

24. Plaintiff is directed to make a written settlement demand prior to the Rule 26(f) meeting. Defendant shall respond in writing to this demand as soon as possible. If Plaintiff is unable to make a settlement demand, Plaintiff shall explain why Plaintiff was unable to make a demand, and the earliest date the parties can realistically evaluate settlement;

25. Any other matters the parties want to raise to the Court.

DATED this 2nd day of November, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE